IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-354-BO

| | |
|---|---|
| DEBORAH A. PALMER, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| ASHTON B. CARTER, et al., | ) |
| Defendants. | ) |

This matter comes before the Court on defendants' motion to dismiss, [DE 12], and plaintiff's motion for entry of default. [DE 15]. The matters have been fully briefed and are ripe for disposition. For the following reasons, defendants' motion is granted and plaintiff's motion is denied.

## BACKGROUND

On October 17, 2016, plaintiff filed the instant complaint alleging Title VII discrimination and a violation of the Equal Protection Clause of the U.S. Constitution. [DE 1]. The complaint named Ashton B. Carter, Secretary Department of Defense, and the Department of Defense Education Activities as defendants. *Id.*

On April 4, 2017, defendants filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper service. [DE 12]. Defendant argues that neither the U.S. Attorney nor the Attorney General of the United States were served with the summons and complaint and thus service was not perfected according to Rule 4 of the Federal Rule of Civil Procedure. Further, defendant asserts plaintiff has not shown good cause as to why she failed to effect service and the case should be dismissed.

On April 10, 2017, plaintiff filed a motion for entry of default against defendants, asserting that defendants were properly served and failed to answer within the time allowed. [DE 15].

DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). For a court to have personal jurisdiction over a defendant for entering default judgment, the plaintiff must properly serve the defendant under federal or state law. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946).

In order to obtain proper service upon the United States, its agencies or employees, Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to deliver a summons and copy of the complaint to the U.S. Attorney for the district in which the suit is brought, or to an Assistant U.S. Attorney or clerical employee designated by the U.S. Attorney; at the same time, the plaintiff must also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4.

Plaintiff's complaint named the Secretary of Defense and the Department of Defense as defendants; she was consequently required to serve these defendants with process pursuant to Rule 4. However, as the government points out, plaintiff has served neither the Attorney General nor the U.S. Attorney in the manner prescribed by the Rule. The certified mail receipts submitted

2

by plaintiff which purport to show she served Secretary Carter and the Department of Defense Education Activities do not prove that she properly served either the U.S. Attorney or the Attorney General as required by Rule 4, and plaintiff has made no demonstration of good cause for failing to effect service as required by the rules.

Rule 4(m) of the Federal Rules of Civil Procedure allows the Court, either upon its own motion or motion of a party, to dismiss an action without prejudice when a plaintiff fails to obtain proper service upon the defendants within 120 days of the complaint's filing. As discussed above, plaintiff has not perfected service upon any of the defendants in the case, and more than 120 days has passed since the filing of plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 12] is GRANTED and plaintiff's motion for entry of default [DE 15] is DENIED. Plaintiff's complaint is DISMISSED without prejudice for failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

SO ORDERED, this 30 day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3